FILED
2006 Aug-11  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **KENNETH GREER,** )<br><br>)<br>**Plaintiff,** )<br><br>)<br>**v.** )<br><br>)<br>**HONDA MANUFACTURING OF ALABAMA,** )<br>**LLC,** )<br><br>)<br>**Defendant.** ) | **CIVIL ACTION NO. CV** _____ |

### NOTICE OF REMOVAL

TO:   **Phillip E. Miles**
      **Cusimano, Keener, Roberts, Kimberly & Miles, P.C.**
      **159 South 9th Street**
      **Gadsden, Alabama 35901**

**PLEASE TAKE NOTICE** that defendant, Honda Manufacturing of Alabama, LLC ("HMA") appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, files this Notice of Removal of this action from the Circuit Court of Talladega County, Alabama, where it is now pending to the United States District Court for the Northern District of Alabama, Eastern Division, and as grounds therefore states the following:

### I.      PROCEDURAL BACKGROUND

1.      Plaintiff, Kenneth Greer ("Plaintiff") filed this action in the Circuit Court of Talladega County, Alabama, on June 29, 2006.  Plaintiff's Complaint contains counts against HMA for misrepresentation and negligence/wantonness. (Complaint, ¶¶3,7).

2.     This Notice of Removal is filed within thirty (30) days of the service of the Summons and Complaint on the Defendant.  The Summons and Complaint was served on HMA on July 11, 2006.  (Exhibit 1, Circuit Court Case Action Summary).

3.     No defendant has pled, answered or otherwise appeared in the State Court action.

4.     True and correct copies of all process, pleadings and orders served by or upon Defendant in this case are attached.  (See Exhibit 2, Circuit Court Case File).  There are no other process, pleadings or orders properly served upon HMA to date in this case

5.     Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served this day, August 7, 2006, upon plaintiff, through his counsel of record and the Clerk of the Circuit Court of Talladega County, Alabama.  (Exhibit 3, Notice of Filing Notice of Removal).

6.     The United States District Court for the Northern District of Alabama, Eastern Division, is the court and division embracing the place where this action is pending in State Court.

7.     No defendant heretofore has sought similar relief in this action.

## II.     DIVERSITY JURISDICTION

8.     This case is one of a civil nature which is properly removable pursuant to U.S.C. § 1441 which provides in pertinent part as follows:

(a)     Except as otherwise expressly provided by Act of Congress any civil action brought in a state court of which the District Court of the United States have original jurisdiction may be removed by the defendant or defendants to the District Court of the United States for the district or division this chapter, the citizenship of defendant sued under fictitious names shall be disregarded.

(b)     Any civil action over which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.  Any other such action shall be removable only if

none of the parties in interest properly join and serve the defendant as citizens of the State in which such action is brought.

9.     This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

(a)     The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between -

(1)     Citizens of different states ....

## A.     The Diversity Requirement is Satisfied.

10.     There is complete diversity of citizenship between the parties.  HMA was not a citizen of the State of Alabama for purposes of diversity jurisdiction of removal pursuant to 28 U.S.C. § 1332 on the day plaintiff filed his complaint or on the day HMA filed this Notice of Removal, which are the relevant time periods for determining citizenship.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347 (1939); Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49-50, 15 S. Ct. 751 (1895); Scoggins v. Pollock, 727 F.2d 1025, 1028 (11th Cir. 1984).

11.     Plaintiff Kenneth Greer was a citizen of Alabama on the date he filed the Complaint and, upon information and belief, is still a citizen of Alabama.  (Complaint, ¶1)

12.     Honda Manufacturing of Alabama, LLC is a limited liability company.  Its sole member has always been American Honda Motor Co., Inc., which is a California corporation.  (Exhibit 4, Aff. of Shroyer).  The citizenship of a limited liability company is determined by the citizenship of its members.  See, e.g, Carden v. Arkoma Associates, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004); Saecker v. Thorie, 234 F.3d 1010, 1011-12 (7th Cir.

2000); Handelsman v. Bedford Village Ass. Ltd. Partnership, 213 F.3d 48, 51-52 (2nd Cir. 2000). Honda Manufacturing of Alabama, LLC was therefore a California citizen on the day plaintiff filed her complaint and is still a citizen of California.

**B.    The Amount in Controversy Requirement is Satisfied.**

13.    Plaintiff seeks lost income, fringe benefits, mental anguish damages, and punitive damages. (Complaint).

14.    The amount in controversy in this action clearly exceeds the sum or value of $75,000.00 exclusive of interest and costs. Despite plaintiff's representation that he seeks a judgment of $70,000.00 and costs, the evidence demonstrates to a legal certainty that, if plaintiff prevails, he will not recover less than $75,000.00. See Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994); see also Jackson v. American Bankers Ins. Co., 976 F.Supp. 1450 (S.D. Ala. 1997).

15.    Plaintiff's Complaint alleges that he applied for a position as an Equipment Service Associate at HMA. (Complaint, ¶2(a)). Plaintiff's Complaint seeks lost income as a form of damages. The discovery served with plaintiff's Complaint evidences his intent to attempt to recover income he would have earned if employed by HMA at the time the Complaint was filed. (See Exhibit 2, Circuit Court Case File, Interrogatories 3, 11).

16.    Plaintiff's claim for lost income alone exceeds $75,000.00. Plaintiff's Complaint alleges that he was extended a conditional offer of employment in 2004 and learned in 2005 that he would not be working at HMA. (Complaint, ¶2). Had plaintiff been hired by HMA, his earnings for 2004 and 2005 as an Equipment Service Associate alone would have exceeded $84,000.00. (See Exhibit 4, Aff. of Shroyer). This does not even take into account the fringe employment benefits, worth some $14,000, to which plaintiff may have been entitled and to which he now claims he is entitled as a measure of damages in this action. (See Exhibit 4).

Moreover, this figure does not include the income plaintiff allegedly lost as result of refusing employment from three other employers, as referenced in his Complaint. (Complaint, ¶2(c)). Plaintiff's lost income claim alone, notwithstanding income from other employers from whom he allegedly turned down employment, exceeded $75,000.00 at the time his Complaint was filed.

17.    One element of recovery sought by plaintiff with regard to his fraud and misrepresentation claim is mental anguish damages.  Should plaintiff prevail on this claim, his mental anguish damages would exceed $75,000.00. See e.g., Prudential Ballard Realty Co., Inc. v. Weatherly, 792 So.2d 1045 (Ala. 2000) ($250,000 damage award, mostly attributable to mental anguish, in fraud matter); Jeter v. Orkin Exterminating Co., Inc., 832 So.2d 25 (Ala. 2001) ($300,000 mental anguish award in fraud and breach of contract matter); Mallard v. Countrywide Funding Corp., CV-95-743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two plaintiffs for emotional distress caused by fraud); Ball v. ALFA Realty, Inc., CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); Sperau v. Ford Motor Co., CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in damages to four plaintiffs for emotional distress allegedly caused by fraud).

18.    Moreover, plaintiff seeks punitive damages.  Punitive damages in this case, should plaintiff prevail, will clearly exceed $75,000.00.  Punitive damages in actions for fraud and misrepresentation often exceed $75,000. See, e.g., Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner, 809 So.2d 808 (Ala. 2001) ($200,000 punitive damage aware in fraud and outrage matter); Sparks v. Cash America International, Inc., 789 So.2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); Cooper & Co. v. Lester, 832 So.2d 268 (Ala. 2000) (punitive damages awards ranging from $178,338 to $250,000

in fraud action); <u>Oliver v. Town</u>, 770 So.2d 1059 (Ala. 2000) ($249,000 award of punitive damages in conversion action); <u>Chrysler Corp. v. Schiffer</u>, 736 So.2d 538 (Ala. 1999) ($150,000 award of punitive damages in fraud and breach of contract matter); <u>Patel v. Patel</u>, 708 So.2d 159 (Ala. 1998) ($225,000 award of punitive damages in fraud and breach of contract matter); <u>Talent Tree Personnel Svcs., Inc. v. Fleenor</u>, 708 So.2d 917 (Ala. 1997) ($1,500,000 award of punitive damages in fraud and breach of contract matter); <u>Hillcrest Center, Inc. v. Rone</u>, 711 So.2d 901 (Ala. 1997) ($94,000 award of punitive damages in fraudulent inducement action); <u>First Commercial Bank v. Spivey</u>, 694 So.2d 1316 (Ala. 1997) ($500,000 award of punitive damages in fraud and breach of contract matter); <u>Weatherly v. Prudential Ballard Realty Co., Inc.</u>, CV-96-108, 1998 WL 1301721 (LRP-JURY) ($1,250,000 of punitive damages in misrepresentation and fraud action).

19.     The amount of damages sought by Plaintiff with regard to his negligence and wantonness claims also satisfy the amount in controversy requirement.  As this Court is aware, compensatory damages in actions alleging negligence and wantonness have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms.  Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar actions.  <u>See, e.g., Lanier Memorial Hosp. v. Andrews</u>, 901 So.2d 714 (Ala. 2004) (awarding $200,000 in mental anguish damages in negligence and wantonness action); <u>Akins Funeral Home, Inc. v. Miller</u>, 878 So.2d 267 (Ala. 2003) (respective compensatory damages awards of $200,000 and $450,000 to plaintiffs for their emotional distress in action involving allegations of negligence and wantonness); <u>Martin v. McDonald's and Kindred</u>, CV-03-2559, 2005 WL 3116326 (LRP JURY) (awarding $150,000 in compensatory damages against premises owner for negligence and wantonness); <u>Hudson v.</u>

Parkway Storage, LLC, CV-02-2262, 2003 WL 24047626 (LRP JURY) (awarding $100,000 in compensatory damages in negligence and wantonness action where mental anguish was claimed as an injury); Huisenga v. Wal-Mart, CV-02-0810, 2003 WL 23305173 (LRP JURY) (awarding $192, 500 in compensatory damages to plaintiff in negligence and wantonness action for store's premises liability); Addison v. Montgomery Housing Authority, CV-01-5480, 2002 WL 32169542 (LRP JURY) (awarding $500,000 in compensatory damages in negligence and wantonness action). Consequently, the amount in controversy requirement is easily satisfied in the case at hand.

20.    This case is properly removable because the matter in controversy exceeds the sum or value of $75,000 and the matter is between citizens of different states.

21.    HMA reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, premises considered, HMA prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Talladega County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division.

_/s/  Marcel L. Debruge_____
Marcel L. Debruge (DEB006)
Kathryn Morris Willis (MOR130)

Attorneys for Defendant
HONDA MANUFACTURING OF ALABAMA, LLC

OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1488052

7

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 7th day of August 2006:

Phillip E. Miles
Cusimano, Keener, Roberts, Kimberly & Miles, P.C.
159 South 9th Street
Gadsden, Alabama 35901


   /s/   Marcel L. Debruge_____
   OF COUNSEL

# EXHIBIT 1


alacourt.com's

*Alabama SJIS Case Detail*

| Case | | | | | | | |
|---|---|---|---|---|---|---|---|
| County | 61 | Case Number | ●CV 2006 000353 00 | JID | WEH | Trial | J |
| Style | KENNETH GREER VS HONDA MANUFACTURING OF ALABAMA, LLC | | | | | | |
| Code | CVXX | Type | OTHER CV CASE | Filed | 06292006 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | 001 | Defendants | 001 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

| Settings | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

| Party 1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | GREER KENNETH | | | Type | INDIVIDUAL |
| INDX | D HONDA MFG | ANAM | | | | JID | WEH |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 256 000 0000 |
| Atty 1 | MILES PHILIP E | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| Party 2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | D 001 | Name | HONDA MANUFACTURING OF | | | Type | BUSINESS |
| INDX | C GREER KENNET | ANAM | | | | JID | WEH |
| SSN | | Address 1 | ALABAMA, LLC | | | Sex | |
| DOB | | Address 2 | 1800 HONDA DRIVE | | | Race | |
| Country | US | City | LINCOLN AL 35096 0000 | | | Phone | 256 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 07052006 | Type | S SHERIFF | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 07112006 | Type | S SERVED PERSON | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|------|------|------|----------|----------|
| 06292006 | 1132 | TEXT | NOTICE OF DEPOSITION AND REQUEST FOR | JAW |
| 06292006 | 1132 | TEXT | PRODUCTION | JAW |
| 06292006 | 1134 | TEXT | PLF'S FIRST INTERROG TO DEF | JAW |
| 07052006 | 1128 | FILE | FILED THIS DATE: 06/29/2006 (AV01) | JAW |
| 07052006 | 1128 | ORIG | ORIGIN: INITIAL FILING (AV01) | JAW |
| 07052006 | 1128 | TDMJ | JURY TRIAL REQUESTED (AV01) | JAW |
| 07052006 | 1128 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | JAW |
| 07052006 | 1128 | ASSJ | ASSIGNED TO JUDGE: WILLAM E HOLLINGSWORTH III | JAW |
| 07052006 | 1129 | PART | GREER KENNETH ADDED AS C001 (AV02) | JAW |
| 07052006 | 1130 | ATTY | LISTED AS ATTORNEY FOR C001: MILES PHILIP E (AV02) | JAW |
| 07052006 | 1131 | PART | HONDA MANUFACTURING OF ADDED AS D001 (AV02) | JAW |
| 07052006 | 1444 | SORD | SERVICE ORDER SENT TO D001 | JAW |
| 07272006 | 1222 | SERC | SERVICE OF SERVED PERSON ON 07/11/2006 FOR D001 | ALS |

# EXHIBIT 2

```
AVSO351                                                      CV 2006 000353.00

                                            JUDGE: WILLAM E HOLLINGSWOR
------------------------------------------------------------------------
                   ALABAMA JUDICIAL DATA CENTER
                      CASE ACTION SUMMARY                      H
                         CIRCUIT CIVIL
------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF TALLADEGA     COUNTY
   KENNETH GREER VS HONDA MANUFACTURING OF ALABAMA, LLC
 FILED:  06/29/2006 TYPE: OTHER CV CASE        TYPE TRIAL: JURY      TRACK:
*************************************************************************
 DATE1:              CA:                  CA DATE:
 DATE2:              AMT:         $.00 PAYMENT:
 DATE3:
*************************************************************************
 PLAINTIFF  001: GREER KENNETH
                                    ATTORNEY: MILES PHILIP E
                                    MIL063
                AL  00000-0000
            PHONE: (256)000-0000
 ENTERED:  07/05/2006 ISSUED:            TYPE:
 SERVED:               ANSWERED:              JUDGEMENT:
------------------------------------------------------------------------
 DEFENDANT  001: HONDA MANUFACTURING OF
                 ALABAMA, LLC
                 1800 HONDA DRIVE             ATTORNEY:
                 LINCOLN, AL  35096-0000
                 PHONE: (256)000-0000
 ENTERED:  07/05/2006 ISSUED:            TYPE:
 SERVED: Ex 7-11-06   ANSWERED:              JUDGEMENT:
------------------------------------------------------------------------

   06/29/2006    NOTICE OF DEPOSITION AND REQUEST FOR
   06/29/2006    PRODUCTION
   06/29/2006    PLF'S  FIRST INTERROG TO DEF
   07/05/2006    FILED THIS DATE: 06/29/2006              (AV01)
   07/05/2006    ORIGIN: INITIAL FILING                   (AV01)
   07/05/2006    JURY TRIAL REQUESTED                     (AV01)
   07/05/2006    CASE ASSIGNED STATUS OF: ACTIVE          (AV01)
   07/05/2006    ASSIGNED TO JUDGE: WILLAM E HOLLINGSWORTH III
   07/05/2006    GREER KENNETH ADDED AS C001              (AV02)
   07/05/2006    LISTED AS ATTORNEY FOR C001: MILES PHILIP E (AV02)
   07/05/2006    HONDA MANUFACTURING OF ADDED AS D001     (AV02)

--------|---------------------------------------------------------------
--------|---------------------------------------------------------------
--------|---------------------------------------------------------------
--------|---------------------------------------------------------------
--------|---------------------------------------------------------------
--------|---------------------------------------------------------------
JAW   07/05/2006                                     CV 2006 000353.00
```

# IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

KENNETH GREER,      (
)
    PLAINTIFF,     (
)        **CIVIL ACTION NO.**
VS.           (
)        CV-06-___353___
HONDA MANUFACTURING  (
OF ALABAMA, L.L.C.,   )
(
    DEFENDANT.    )

2006 JUN 29  PM 3:26
CLARENCE HAYNES
CIRCUIT CLERK

## COMPLAINT

## Count One

1.    The Plaintiff is over the age of 19 years and a resident of Etowah County, Alabama.  The Defendant is a limited liability company currently doing business in Talladega County, Alabama.

2.    (a)   On, to-wit, April 26, 2004, Plaintiff was extended conditional offer of employment by the Defendant, as an equipment service associate.  The offer was conditional, with the only condition noted being the results of Plaintiff's medical examination.

(b)   Plaintiff passed his physical examination with no problems and was anticipating being called for work at Honda.

(c)   One year passed since the conditional offer of employment had been received by the Plaintiff.  The Plaintiff had passed up three job opportunities in anticipation of going to work for Honda.  He had been offered a position as an apparel manufacturer in Enterprise, to run a Gerber

cutting machine similar to the one he ran at Lee Manufacturing for $18 per hour; a position in Anniston at a sewing plant as a machine repairman at $15.00 per hour; and a position with U. S. Steel in Birmingham as a technician, starting at $18.00 per hour.  Currently he is employed with the City of Sardis and was so employed at the time the initial offer of employment was made by Honda.  He is making $10.00 per hour with the City of Sardis as a maintenance supervisor.

(d)  On May 6, 2005, Plaintiff received a letter from Honda Manufacturing of Alabama saying that after a careful review of the equipment service associate job requirements, Honda no longer had a job for Mr. Greer.  Plaintiff avers that sound business practices would require that review to be made initially, before the offer of employment was extended to Plaintiff and the only condition remaining at the time the offer of employment was made was the results of his physical examination, which he passed.

3.    The representations by Honda that Honda was extending an offer of employment to the Plaintiff were false or Honda, without knowledge of the true facts, recklessly misrepresented the facts, or such representations were made by Honda by mistake, but with the intention that the Plaintiff should rely upon these representations, to his detriment.

4.    The Plaintiff believed the representations and in reasonable reliance on the representations passed up three job opportunities, either

one of which would have meant more pay and better benefits than his present employment.

5.   As the proximate result of the misrepresentations described above, the Plaintiff has incurred the following injuries and damages: He has lost potential income and fringe benefits.  Plaintiff has been caused to suffer mental distress and anguish and will continue to do so in the future. Plaintiff claims punitive damages.

## Count Two

6.   Plaintiff incorporates the allegations set out in Count One of this Complaint and incorporated herein by reference.

7.   On or about April 26, 2004, Honda Manufacturing of Alabama, L.L.C., did negligently and/or wantonly make a conditional offer of employment to the Plaintiff; with the only condition being a medical examination.

8.   In reliance upon said offer of employment, Plaintiff passed up three job opportunities, each of which would have resulted in more pay and benefits for the Plaintiff and his family.

9.   As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: Plaintiff has lost potential income; has suffered mental distress and anguish and Plaintiff further claims   punitive damages of the Defendant.

**WHEREFORE,** premises considered, the Plaintiff demand judgment against the Defendant for the sum of $70,000.00 and costs.

Respectfully submitted,

_____
Philip E. Miles    (MIL063)
Attorney for Plaintiff

OF COUNSEL:

Cusimano, Keener, Roberts, Kimberley & Miles, PC
153 South Ninth Street
Gadsden, AL 35901
256/543-0400 - Phone
256/543-0488 - Fax

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY IN THIS CAUSE.**

_____
Philip E. Miles

# IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

KENNETH GREER,                    (
                                  )
    PLAINTIFF,                    (
                                  )      CIVIL ACTION NO.
VS.                               (
                                  )      CV-06- **353**
HONDA MANUFACTURING              (
OF ALABAMA, L.L.C.,               )
                                  (
    DEFENDANT.                    )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff and propounds the following Interrogatories to be answered under oath by the Defendant:

1.    Identify each person who answered, consulted, or supplied information concerning the Answers to these Interrogatories and Plaintiff's Request for Production, and specify each such item for each such individual.

2.    Describe the job duties of the job which was initially offered to the Plaintiff on April 26, 2004.

3.    Describe the total amount of salary and other remuneration which would have been realized by the Plaintiff if he had been employed by you on April 26, 2004, following the conditional offer of employment.

5.    Describe why Plaintiff was not hired by you following your conditional offer of employment of April 26, 2004.

6.    Describe the procedure used by the Defendant in deciding not to hire the Plaintiff.

7.    Identify each and every person who participated in the decision not to hire the Plaintiff, and include in your identification the job classification, employment status, address and date of birth of each such person.

9.   Describe why Plaintiff failed to get the position which was offered to him by said conditional offer of employment.

10.   Identify the employee who was hired in the place of the Plaintiff and include in your identification of such employee the date of hire and date of birth of that employee.

11.   Describe and identify each and every increase in pay or other benefits which Plaintiff would have received if he had been employed by you following the conditional offer of employment of April 26, 2004.

12.   Identify each and every person you have hired since Plaintiff was passed over for employment on May 6, 2005, and include in your description the date of birth, job classification, and date of hire of each such person.

13.    Please list the names and addresses and telephone numbers of all employees who have filed an age discrimination claim with you for three (3) years prior to the Plaintiff's termination and, also, since Plaintiff was passed over for employment.

14.    List each and every job which was available, came open, was created, or was offered to be filled by Defendant beginning April 26, 2004, down through and including the present date.  Also, please state and identify the following:

   a. A job description of such job;
   b. The requirements needed to fill such job;
   c. For each said job, please state the date such job was filled.

15.    State any defenses and facts establishing said defenses that this Defendant intends to assert in the claims brought by the Plaintiff.

16.    Please state the names, addresses, and telephone numbers of any and all witnesses who have any facts, knowledge or information concerning the defenses made by the Defendant.

17.    Please state the names, addresses, and telephone numbers of any and all witnesses intended to be utilized by the Defendant in the trial of this cause.

18.    Please state the names and addresses and telephone numbers of any expert witnesses intended to be utilized by the Defendant at the trial of this cause and in your answers please state the subject matter upon which the expert is expected to testify as well as the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each said opinion.

19.    Identify each and every document which you may offer at the trial of this cause.

20.    If the Defendant intends to call an expert witness to the trial of this cause, please state the education, vocational training and any other special training of said expert witness including publications which may have been authorized by the said expert witness. In addition, if a resume of said expert is available, please produce the same.

21.    Give in complete detail the substance of any and all medical reports, hospital, medical and other records, and all other documents and writings of any kind in your possession which, in any way, relate to the physical condition of the Plaintiff, or, alternatively, attach copies of same to your answers to Interrogatories.

The Defendant is required to supplement its responses to the above questions pursuant to Rule 26(e) of the Alabama Rules of Civil Procedures.

_____
PHILIP E. MILES   (PEM063)
Attorney for Plaintiff

OF COUNSEL:

Cusimano, Keener, Roberts,Kimberley and Miles, P.C.
153 South 9th Street
Gadsden, AL 35901
256-543-0400
256-543-0488 (Fax)

**SERVE WITH SUMMONS AND COMPLAINT**

# IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| **KENNETH GREER,** | ( | |
| | ) | |
| **PLAINTIFF,** | ( | |
| | ) | **CIVIL ACTION NO.** |
| **VS.** | ( | $C V \cdot o 6 \cdot 353$ |
| | ) | |
| **HONDA MANUFACTURING** | ( | |
| **OF ALABAMA, L.L.C.,** | ) | |
| | ( | |
| **DEFENDANT.** | ) | |

## NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION

TO:   Honda Manufacturing of Alabama, L.L.C.
      1800 Honda Drive
      Lincoln, AL 35096-5107

      Regional Reporting
      755 Walnut Street
      Gadsden, AL 35901

PLEASE TAKE NOTICE that pursuant to the Alabama Rules of Civil Procedure Rule 30(b)(5) and (6), the Plaintiff will take the deposition of Honda Manufacturing of Alabama, L.L.C., upon oral examination before an officer authorized by law to administer oaths.  The matters on which examination is requested are:

1.    All personnel records dealing with Kenneth Greer.

2.    Any and all minutes or memoranda in connection with the offer of employment extended to Kenneth Greer on April 26, 2004.

3.    Any and all records of whatsoever kind and nature including, but is not limited to, medical records, relating to Kenneth Greer.

4.    Any and all employment manuals or manuals by any other name, and policies and procedures which apply to the hiring of an employee of the Defendant.

5.    Any and all matters and/or things dealing with the offer of employment of and the decision not to hire Kenneth Greer.

FURTHER note that pursuant to Rule 30(b)(6) said Defendant has the duty to **"designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf, and that the person so designated shall testify as to matters known or reasonably available."**

FURTHER the Plaintiff request production of all documents described in items 1-5 above at the time and place specified below:

Said deposition of Honda Manufacturing of Alabama, L.L.C., shall commence at:

**DATE:**      **August 29, 2006**

**TIME:**       **10:00 a.m**

**PLACE:**     **Offices of Philip E. Miles, Esq.**
              **Cusimano, Keener, Roberts & Kimberley and Miles, P.C.**
              **153 So. 9th St., Gadsden, AL 35901**

and shall be continued and/or resume from time to time until completed.

This the 27ᵗʰ day of _____ (June ____, 2006.

_____
PHILIP E. MILES   (PEM063)
Attorney for Plaintiff

OF COUNSEL:

Cusimano, Keener, Roberts & Kimberley and Miles, P.C.
153 So. 9th St.
Gadsden, AL 35901
Telephone 256-543-0400
Fax 256-543-0488
Email: pmiles@alabamatortlaw.com

**SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

KENNETH GREER,

      PLAINTIFF,

VS.

HONDA MANUFACTURING OF
OF ALABAMA, L.L.C.,

      DEFENDANTS.

*
*
*
*
*
*
*
*
*

CASE NO.

CV-06 - **353**

*2006 JUN 29 PM 3:26
CLARENCE HAYNES
CIRCUIT CLERK*

_____SUMMONS_____

**NOTICE TO DEFENDANT:**

      **HONDA MANUFACTURING OF ALABAMA, L.L.C.**
      **1800 Honda Drive**
      **Lincoln, Al 35096**

**TO ANY SHERIFF.OR ANY PERSON AUTHORIZED BY RULE 4(A)(3) OF THE ALABAMA RULES OF CIVIL PROCEDURE:**

      You are hereby commanded to serve a copy of this Summons and Complaint in this action upon Defendant stated hereon.

      Each Defendant is required to serve a copy of a written Answer to the Complaint upon **Philip E. Miles of Cusimano, Keener, Roberts, Kimberley & Miles, attorneys of record for the Plaintiff whose address is 153 South 9th Street, Gadsden, Alabama, 35901within thirty (30) days from service**, and to file the original of said Answer with the Clerk of this Court at the time of service of the Answer upon the Attorney of Record for the Plaintiff or within a reasonable time thereafter.  If any Defendant fails to do so, Judgment by Default may be entered against the Defendant for the relief demanded in the Complaint.
DATED: **7-5-06**_____, 2006,  *Clarence Haynes*_____
                                  CLERK

_____

RETURN ON SERVICE:
Certified Mail return receipt received in this office on Date: _____
(Return receipt attached hereto)

I certify that I personally delivered a copy of the Summons and Complaint to:
_____ in Etowah County, Alabama on (Date)
_____.

_____   _____
Date                                  Server Signature

Address of Server:_____
                                  Type of Process Server



**Cusimano**

**Keener**

**Roberts**

**Kimberley &**

**Miles, P.C.**

Attorneys at Law

153 S. 9th Street

Gadsden, Alabama
35901

Ph: (256) 543-0400

Fax: 256)543-0488

www.AlabamaTortLaw.com

Gregory S. Cusimano

Larry H. Keener

Michael L. Roberts

David A. Kimberley

Philip E. Miles

Emily Hawk Raley

June 27, 2006

Circuit Clerk of Talladega County
Attn:  Filing Clerk, Circuit Civil
Post Office Box 6137
Talladega, Al  35161-6137

   RE:  Kenneth Greer vs. Honda Manufacturing of Alabama, LLC

Dear Sir or Madam:

Enclosed please find the original and two copies of the complaint and
discovery to be filed in your Court in connection with my client,
Kenneth Greer, to be served upon the Defendant Honda Manufacturing
of Alabama, LLC.  Please stamp one of the copies and put the case
number upon it and return it to me in the self-addressed, stamped
envelope enclosed for that purpose.

Also enclosed is our firm check for the filing fees.  If anything further is
required, please let us know.

Thank you for your assistance in this regard.

Very truly yours,

Cusimano, Keener, Roberts, Kimberley & Miles, P.C.

*Philip E. Miles*

Philip E. Miles

/s/

PEM/ctt

Enclosures as noted.

2006 JUN 29 PM 3: 25
CLARENCE HAYNES
CIRCUIT CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`CV` `2` `0` `0` `6` `3` `5` `3` ` ` ` ` . ` ` ` `<br>Date of Filing:                Judge Code:<br>` ` ` ` ` ` ` ` ` `  ` ` ` ` ` ` ` ` ` `<br>Month   Day   Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF  _TALLADEGA_ , ALABAMA
*(Name of County)*

_KENNETH GREER_  v.  _HONDA MFG. OF ALABAMA, LLC_
Plaintiff                                                          Defendant

**First Plaintiff**  ☒ Business   ☐ Individual          **First Defendant**  ☒ Business   ☐ Individual
                         ☐ Government  ☐ Other                                       ☐ Government  ☐ Other

---

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☒ CVXX  - Miscellanous Circuit Civil Case

*(stamp, handwritten vertical:)* 2006 JUN 29 PM 3: 26  CLARENCE HAYNES CIRCUIT CLERK

---

**ORIGIN** *(check one):*   F ☒ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER: _____
                              R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO       Note:  Checking "Yes" **does not** constitute a demand  for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED          ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:
`M` `I` `L` `0` `6` `B`    _6/27/06_          _Philip E. Miles_
                           Date              Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☐ UNDECIDED

AVSO305
                        ALABAMA JUDICIAL DATA CENTER
                            TALLADEGA      COUNTY
                        ORDER FOR SERVICE AND RETURN
                                              CV 2006 000353.00
                                              WILLAM E HOLLINGSWOR
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

           IN THE CIRCUIT   COURT OF TALLADEGA      COUNTY

KENNETH GREER VS HONDA MANUFACTURING OF ALABAMA, LLC

SERVE ON:  D001


        HONDA MANUFACTURING OF
        ALABAMA, LLC
        1800 HONDA DRIVE
        LINCOLN          ,AL  35096-0000


NOTES:
     SUMMONS AND COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
          YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
          TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
    07/05/2006  DATE        CLERK:  CLARENCE HAYNES        BY: _____
                                    P. O. BOX 6137
                                    TALLADEGA  AL  35161
                                    (256)761-2102

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
     DOCUMENT IN _Talladega_____ COUNTY, ALABAMA
     TO:
   _____     _____ DS
                                          SIGNATURE OF SERVER
                                                  7-11-06
   _____     _____
     NAME / ADDRESS ABOVE                 DATE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
OPERATOR: JAW
PREPARED: 07/05/2006

                                              FILED  7-5-06
                                              JERRY STUDDARD, SHERIFF

# EXHIBIT 3

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

KENNETH GREER,                   )

                **Plaintiff,**    )

v.                           )     **CIVIL ACTION NO. CV-06-353**

HONDA MANUFACTURING OF ALABAMA, )
LLC,                       )

                **Defendant.**

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    **Clarence Haynes**
        **Clerk, Circuit Court of Talladega County**
        **P.O. Box 6137**
        **Talladega, Alabama 35161**

In compliance with 28 U.S.C. §1446(b), you are hereby notified of the filing of a Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Alabama, Eastern Division. A copy of the Notice of Removal (without attachments) filed with respect to this action is attached hereto as Exhibit 1.

*Kathryn M. Willis*

Marcel L. Debruge (DEB006)
Kathryn Morris Willis (MOR130)

Attorneys for Defendant
HONDA MANUFACTURING OF ALABAMA, LLC

OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1487899

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the ⁀ᐟⁿ day of August 2006:

Phillip E. Miles, Esq.
Cusimano, Keener, Roberts, Kimberly & Miles, P.C.
159 South 9th Street
Gadsden, Alabama 35901


_Kathryn M. Willis_
OF COUNSEL

# EXHIBIT 4

## AFFIDAVIT OF LYLE SHROYER

STATE OF ALABAMA    )

TALLADEGA COUNTY   )

The undersigned deposes and states as follows, under penalty of perjury:

1.    My name is Lyle Shroyer. I am over the age of nineteen (19) years and am competent to testify to the facts set forth herein, of which I have personal knowledge. I give this affidavit voluntarily and without coercion.

2.    I am employed by Honda Manufacturing of Alabama, LLC ("HMA") at its Lincoln, Alabama plant. I began a temporary assignment at HMA while still employed by Honda of America, Mfg., Inc. in Marysville, Ohio. I became a regular HMA associate on March 31, 2005. I am the Manager of the Accounting and Finance Department for HMA.

3.    In my position as Department Manager of Accounting and Finance, I am familiar with the corporate structure and organization of Honda Manufacturing of Alabama, LLC and American Honda Motor Company, Inc.

4.    Honda Manufacturing of Alabama, LLC is a limited liability company. Its sole member has always been, and remains, American Honda Motor Company, Inc., which is organized under the laws of California and operates its principal place of business in California. Honda Manufacturing of Alabama, LLC has no other members.

5.    In my position as Department Manager of Accounting and Finance, I am also familiar with compensation and benefits paid to associates hired by Honda Manufacturing of Alabama, LLC. In 2004, the hourly rate for Equipment Service Associates ranged from $20.06 to $26.68. Equipment Service Associates regularly work overtime, for which they are paid one and one-half times their hourly rate, or at least $30.09 per hour.

6.     In 2005, Equipment Service Associates earned between $20.64 and $27.26 per hour.  Again, Equipment Service Associates worked overtime frequently, resulting in overtime pay of at least $30.96 per hour.

7.     An Equipment Service Associate at HMA would earn at least $41,724.80 per year in 2004.  An Equipment Service Associate would have earned at least $42,931.20 annually in 2005, resulting in total wage compensation of at least approximately $84,656.00 for 2004 and 2005.

8.     Equipment Service Associates are eligible for other employment benefits.  These benefits include health insurance, dental insurance, tuition reimbursement, short-term disability, long-term disability, life insurance, 401-K plan, and pension plan.  The approximate annual value of these benefits is $14,000.00.

FURTHER AFFIANT SAITH NOT.

DATED: _August 1, 2006_

By _____
Lyle Shroyer

1485769                                              2

STATE OF ALABAMA )
        )
COUNTY OF TALLADEGA )

 Before me, _Tamara A. Harris_, a Notary Public in and for said County in said State, personally appeared Lyle Shroyer who, being first duly sworn, makes oath that he has read the foregoing affidavit and knows the contents thereof, and that the facts alleged therein are true and correct.

 Subscribed and sworn to before me this _1ST_ day of _August_, 2006.

          _Tamara A. Harris_
          Notary Public

My Commission Expires:

_9/14/2009_

[SEAL]

1485769           3